No. 2605

## In Re PEDROLI'S ESTATE

## PEDROLI v. SCOTT

December 5, 1923.                    221 Pac. 244.

1. EXECUTORS AND ADMINISTRATORS — ADMINISTRATOR TURNING CATTLE LOOSE ON RANCH HELD CHARGEABLE WITH VALUE OF THOSE NOT FOUND BY SUCCESSOR.

Under Rev. Laws, 6036, relieving administrators from loss by decrease or destruction of any part of the estate without their fault, an administrator who turned out cattle in December and paid them no further attention, thus compelling his successor to employ a foreman to search for the cattle, *held* properly charged with the value of those not found.

2. EXECUTORS AND ADMINISTRATORS—ADMINISTRATOR ACTING IN GOOD FAITH AND ORDINARY PRUDENCE HELD NOT LIABLE FOR LOSS.

Under Rev. Laws, 6036, relieving administrators from loss by decrease or destruction of any part of the estate without their fault, an administrator is not liable for losses when he acts in good faith and exercises ordinary prudence.

3. EVIDENCE—COURT HELD NOT TO JUDICIALLY NOTICE A CUSTOM OF RANCHMEN IN CARING FOR CATTLE.

In an administrator's action against a former administrator for failure to deliver cattle of the estate, the court could not judicially notice a custom of ranchmen to care for cattle by merely turning them loose.

APPEAL from Sixth Judicial District Court, Humboldt County; *James A. Callahan*, Judge.

Proceedings on final report of Joseph Scott, administrator of Charles Pedroli, deceased. From a judgment against the administrator for certain cattle which he failed to turn over, and from an order denying a new trial, he appeals. **Affirmed. Petition for rehearing denied.**

*Campbell & Robins,* for Appellant:

The administrator shall not make profit by increase nor suffer loss by decrease of any part of estate without his fault. Rev. Laws, 6036.

We believe it can be judicially noticed that it is custom throughout state for cattlemen to allow stock to run at large on range. When Scott was appointed, all cattle were on range. He did not herd them in, but left them in usual place, looking them over occasionally. Manual delivery was impossible. He is not liable for loss in absence of bad faith or negligence. Ring's Estate, 109 N. W. 710; Hill v. Evans, 91 S. W. 1022; 11 R. C. L. 134.

*L. O. Hawkins,* for Respondent:

Instead of record showing Scott was without fault, it shows that he was negligent. He never made any effort to find the missing cattle or to turn over assets of estate to his successor. It was his duty to turn over all property, or account for his failure to do so.

We have no issue with counsel's authorities, but rely on the fact that Scott has failed to excuse himself for his failure to deliver the forty head of cattle he was charged with. It is true that cattle stray and become lost from range, consequently greater care is required than if they were kept in field. Instead of taking greater precautions, Scott took less. When seeking to escape liability, administrator must show he is without fault. 5 Ency. Ev. 432; Conser's Estate, 66 Pac. 607; Roach's Estate, 92 Pac. 119, 18 Cyc. 1181; 24 C. J. 1018.

Scott has not shown he was free from fault, nor brought himself within exception of Rev. Laws, 6036.

By the Court, COLEMAN, J.:

This is a companion case to that of In Re Estate of Pedroli (No. 2572) [immediately preceding], 221 Pac. 241, the opinion in which is filed herewith, and grows out of the same matters, but is an appeal by Joseph Scott from the order entered upon the settlement of his final report, wherein the court adjudged him to be liable for certain cattle which came into his possession as administrator. The court found that Scott turned

over and accounted to the administratrix for forty head of cattle less than he received, of the value of $1,612, and entered judgment therefor, from which and an order denying a motion for a new trial an appeal has been taken. Scott has brought up by bill of exception the evidence upon the point in question.

1. He testified that in the fall he turned out upon the range the cattle, which were in good condition; that he kept some of the cattle at the ranch and took a number of others to the Lay ranch in the month of December; that he purchased a stack of hay from Mr. Lay, which he was to feed to the cattle that were taken to his ranch. He testified that the last he knew of the cattle taken to that ranch they were still there. There is no showing that appellant gave the cattle turned out any further attention, except a few that strayed into the ranch.

On March 3, 1921, the final order in the matter of the appeal by Scott was made. On the 15th of the month he filed his "Second Account." He contends that on or about that day he delivered all of the property of the estate to Louise Pedroli, administratrix. He does not contend that the cattle were rounded up and actually turned over to her.

As we read the record in this case, appellant made no actual delivery of the assets of the estate except an automobile and two pigs, after it was finally determined that he had no right to appeal and was no longer the administrator. He seemed to have been content to assume the attitude of relinquishing his administratorship and of leaving it to his successor to find the assets thereof as best she could. After his relinquishment Mrs. Pedroli employed a Mr. Springer as foreman, who, as observed by counsel for appellant in their brief, "immediately started in to gather the cattle. After about two weeks search, he found all but forty head."

Appellant contends that he is not liable for any loss not due to his fault, citing in support of the contention section 6036 of the Revised Laws. This section, referring to the extent of liability of executor or administrator upon making an accounting, reads:

"He shall not make profit by the increase nor suffer loss by the decrease or destruction of any part of the estate without his fault. He shall account for the excess when he shall sell any part of the estate for more than the appraisement, and if any be sold for less than the appraisement he shall not be responsible for the loss if the sale has been justly made."

2. Speaking broadly, it was held in Estate of Millenovich, 5 Nev. 161, that an administrator is not liable for losses when he acts in good faith and exercises ordinary prudence. We think this a safe rule. We must assume that the lower court, in reaching its conclusion, was guided by the law of this state.

3. This brings us to the one question in the case, namely: Was the lower court, from the evidence before it, justified in reaching the conclusion which it did? Counsel for appellant contend that a custom prevails in this state of handling cattle just as appellant is shown to have done, of which we must take judicial notice, and hence it appears that he exercised good faith and ordinary prudence, and therefore is not liable. Just why we should take judicial notice of such a custom is not pointed out, and we can conceive of no theory upon which we can adopt the suggestion. If there be such a custom, proof thereof should have been made if reliance thereon was desired. On the contrary, what evidence there is in the record is to the effect that there was no uniform custom. The testimony on this point, it is true, is very slight, but it is such as to refute the contention made. It was a matter for the consideration of the trial court, and we cannot say that it erred.

Judgment and order appealed from are affirmed.

## ON PETITION FOR REHEARING

April 14, 1924.

*Per Curiam:*

Rehearing denied.